RAILEY, &c.    manded with directions to overrule the demurrer, and for
    *vs*
RAILEY.        further proceedings.

    *Sayre* for plaintiffs.

MOTION.                      **Railey, &c. *vs* Railey.**

Case 29.              ERROR TO THE WOODFORD COUNTY COURT.

Oct. 1.                      *Division of Land.*

    JUDGE MARSHALL delivered the opinion of the Court.

Case stated.

    THIS was a motion in the Woodford County Court, for
the appointment of Commissioners to divide the land
descended from Peter I. Railey among his heirs, three of
whom appear to be infants, and the fourth is probably
also a minor.   On motion of the guardian of one of them,
six Commissioners were appointed, with power for any
two to act.   And at the next term, the report of a division
made by two of the Commissioners was approved, and
ordered to be recorded, after overruling the motion of the
guardian of two of the heirs to quash it.

The acts of 1794
and 1797 do not
authorize    the
County Court to
appoint commis-
sioners to divide
land descended
amongst    those
interested,   un-
less   there  has
been a refusal by
some of the par-
ties interested to
divide, and then
only upon notice
to all persons in-
terested.

    The proceeding was intended to be had under the acts of
1794 and 1797, which are based upon the act of 1792.
But even if these acts should be deemed to be in force,
so far as they cover the case of land descended, the pro-
ceeding cannot be sustained ; because it does not appear
that there had been any refusal to make the division by
any of the parties interested in it.   And it cannot be sus-
tained under the act of 1811, the first and second sec-
tions of which apply particularly to the case of land des-
cended. First, because under that act the division must
be made by three Commissioners to be appointed for that
purpose : And second, because that act expressly re-
quires that the applicant should have given reasonable no-
tice of his intended application to all parties interested,
which does not appear to have been done.   And under
the act of 1797, as well as that of 1811, deeds should
have been ordered to be made pursuant to the division,
when confirmed.

We are of opinion, that the act of 1811, (*Stat. Law*, 1066, supercedes, and virtually repeals the previous acts, so far as they apply to the cases provided for in the first and second sections of the subsequent act of 1811. And this proceeding is erroneous throughout, for the want of notice by the applicant, to the other parties interested. This defect is not supplied by the appearance of some of those parties when the report was made. One of them has not yet become a party to the proceeding. And the statute requires all to be notified before the application is made to the County Court.

Wherefore, the order confirming the report, and the order appointing the Commissioners, are reversed, and the case is remanded, that the applicant may proceed *de novo*, should he think proper to do so.

*Morehead & Reed* for plaintiff.

<div style="margin-left:auto;width:30%;">
FLORRANCE, ADM'R.
os
GOODIN AND THOMAS.
___
The statute of 1811, on the subject of dividing land descended, (*St. Law*, 1066) requires that notice to all the parties interested in the division shall be given of an application for the appointment of Commiss'rs to divide, and that deeds shall be made when the division is confirmed.
</div>